# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1954

_____

Calvin Carrick

*Plaintiff - Appellant*

v.

Mike Beebe, In his official capacity as Governor of Arkansas; Dustin McDaniel, In his official capacity as Attorney General of Arkansas; Larry Crane, In his official capacity as Clerk for Pulaski County

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: October 31, 2014
Filed: April 7, 2015
[Published]

_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Calvin Carrick appeals the district court's[1] Fed. R. Civ. P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 complaint. We affirm.

The City of Little Rock issued Carrick three citations for violating municipal ordinances. In Arkansas, such citations, if contested, are initially tried to a judge and can be appealed to a jury in the state trial court. Ark. Code Ann. § 16-96-112. Carrick contested the citations and was found guilty of two violations following the initial bench trial. The court imposed no punishment. See Carrick v. State, 2013 Ark. App. 587, at 1 2013 WL 5744918, at *1 (Ark. Ct. App. 2013). Carrick then appealed to a jury. To institute the jury proceedings, Carrick had to pay a $150 filing fee as well as a $15 "technology fee," both of which are non-refundable in whole or in part. See Ark. Code Ann. § 21-6-403(a)(2) (filing fee, non-refundable); id. § 21-6-416(a)(2) (technology fee, non-refundable). After an initial mistrial, the case against Carrick was dismissed, and Carrick sought a refund of his filing and technology fees. The state court refused to refund the fees, and Carrick appealed the denial of a refund. The Arkansas Court of Appeals affirmed, 2013 Ark. App. 587, at 3, 2013 WL 5744918, at *3, and the Arkansas Supreme Court denied further review.

Carrick next filed the present 42 U.S.C. § 1983 action alleging violations of the Arkansas Constitution, Arkansas statutes, and the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution. The district court denied relief.

Carrick appears to assert on appeal to our court that his federal constitutional rights were violated because the non-refundable fees he paid to institute the state jury proceedings served as impermissible barriers to the exercise of his Sixth Amendment right to a jury trial. His allegations of Fifth and Fourteenth Amendment violations

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

appear to be due process claims ancillary to his Sixth Amendment claim.[2]  For the reasons set forth below, we conclude that Carrick had no Sixth Amendment right to a jury trial regarding his alleged ordinance violations.  As such, his Sixth Amendment claim as well as his ancillary due-process claims fail.

The right to a jury trial as provided in the Sixth Amendment applies to "serious" offenses as that term is defined in Blanton v. City of North Las Vegas, 489 U.S. 538, 541 (1989) ("It has long been settled that 'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.'" (quoting Duncan v. Louisiana, 391 U.S. 145, 159 (1968))).  In Blanton, the Supreme Court explained that, to determine whether an offense is serious, courts should look to the maximum penalty the relevant legislative body prescribed for the offense.  Id. The Court indicated that deprivation of liberty through incarceration is materially different and more severe than other forms of punishment and that, if an offense does not carry a maximum term of imprisonment of greater than six months, the crime is presumptively not serious.  Id. at 542–43.  This presumption can be rebutted by a showing of some additional consequences or punishments of a different nature and of sufficient severity to indicate that the legislature deemed the offense serious.  Id. at 542.

In Blanton, the offense at issue was a DUI offense with a statutory maximum term of imprisonment of six months.  The Court found the offense presumptively non-serious and considered the existence of several additional factors insufficient to make the offense serious.  These factors included a 90-day license suspension, a mandatory minimum term of imprisonment, and the possibility of community service in offender-identifying garb.  The Court found the possibility of a $1,000 fine—even in

---

[2]To the extent he argues on appeal that his case involved violations of the Arkansas Constitution or Arkansas statutes, we find no error in the judgment of the district court rejecting such arguments.  See 8th Cir. R. 47B.  We address in detail only Carrick's arguments alleging federal constitutional violations.

addition to these other forms of punishment—insufficient to make the presumptively non-serious offense serious. The Court stated, "As for the possible $1,000 fine, it is well below the $5,000 set by Congress in its most recent definition of a 'petty' offense." Id. at 544–45 (quoting 18 U.S.C. § 1 (1982 ed., Supp. IV)).

Turning to the facts of Carrick's case, the parties do not identify the specific municipal ordinances for which Carrick received citations. The Arkansas Court of Appeals did not cite the ordinances at issue, but described the two ordinances Carrick was found to have violated as "high grass and the failure to maintain a garage or other accessory structure." The defendants assert that the municipal ordinance violations at issue could not have resulted in a term of imprisonment, and Carrick does not dispute this assertion. Further, the Arkansas Code provides that municipal corporations do "not have power to inflict any fine or penalty" greater than $1,000. See Ark. Code Ann. § 14-55-504. Given these limitations and concessions, Carrick initially could have faced, as a statutory maximum, a fine of $1,000 per violation for three alleged violations. He does not suggest the citations exposed him to any additional penalties of any sort.[3]

We conclude on these facts that Carrick was not charged with a "serious" offense because he faced no possible jail time, he was exposed to a statutory maximum possible fine of $3,000 total for three alleged violations, and he alleged no other penalties or consequence associated with the citations. Because the violations

---

[3] Because the bench trial resulted in a finding of two violations with the imposition of no penalty, it is by no means clear that he faced *any* possible penalty at the time he paid the filing fee to challenge the result of the bench trial through a jury trial. We assume for the sake of our analysis that the relevant Blanton assessment for seriousness must be undertaken solely with reference to the maximum penalty as an abstract statutory concept and without regard to the intervening fact that bench trial had resulted in the imposition of no penalty.

were not "serious" offenses, he was not entitled to a jury trial and there was no Sixth Amendment violation. His ancillary due process claims also fail.

We affirm the judgment of the district court.

_____